UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 91-413-CR-Moore/Garber
CASE NO. 92-89-CR-Moore/Garber

UNITED STATES OF AMERICA,

    Respondent,

v.

JUAN CARLOS FERNANDEZ,

    Petitioner.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge K. Michael Moore. Pursuant to such reference, the Court has received the petitioner's Motion to Compel Government [DE 36] and the government's response in opposition.

## FACTUAL BACKGROUND

The petitioner Fernandez, by his Motion to Compel Government, asks this Court to find that the government "has acted in bad faith for failure to File a Rule 35(b) based on substantial assistance Rendered to Government That Led to the Prosecution of Others." For the reasons set forth below, said Motion must be denied.

The defendant, charged in Case Number 88-291-CR-HOEVELER, was released on bond and indicated that he wished to cooperate with the Drug Enforcement Administration (DEA). The DEA, prior to the defendant's entering into a plea agreement, agreed to work with the defendant. Thereafter, the defendant told the DEA that he was not able to make contacts of persons that could be investigated regarding drug involvement. Such statements proved to be false, since he was

observed by DEA agents to be conducting other drug deals for his own benefit which the defendant did not disclose to the DEA.  He was again arrested and was in possession of crack cocaine and powder cocaine and was charged in Case Number 92-89-CR-MOORE.  In addition, the government learned that the defendant disclosed law enforcement investigative techniques to other offenders in the belief that such knowledge would help them avoid detection.

Subsequently, and in Case Number 91-413-CR-MOORE, the defendant entered into a plea agreement with the government.  This agreement did not require cooperation by the defendant and did not require the government to seek a sentence reduction for the defendant based on cooperation. The government did, however, agree that the defendant should be sentenced at the low end of the applicable guideline range.  Said agreement also reflected that there were no other agreements or understandings between the government and the defendant. As set forth in the plea agreement, the defendant pled guilty to charges in the indictment in 92-89-CR-MOORE.  Based upon his guilty plea, the defendant was sentenced to a term of imprisonment for 360 months; the Court found that the defendant obstructed justice, and denied the defendant's request for a reduction based upon his acceptance of responsibility.

The defendant's appeal was unsuccessful.  Thereafter, on December 12, 2005, the defendant again sought a reduction of his sentence based upon amendments to the Sentencing Guidelines and the rulings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 124 S.Ct.2451 (2004); and, *Booker v. United States*, 543 U.S. 220 (2005).  His motion in such regard was denied and an appeal resulted in an affirmance.

By this proceeding the defendant again seeks a reduction in his sentence by asking this Court to compel the government to move for such reduction pursuant to Fed. R. Crim. P. 35(b). For reasons set forth herein, this Motion should be denied.

## DISCUSSION

The defendant claims that the government violated the terms of his plea agreement by not seeking a reduction pursuant to Rule 35(b) for his claimed substantial assistance. The defendant's claim in this regard is incorrect; the record in these causes does not reflect any promises or commitments by the government regarding substantial assistance by the defendant. The plea agreement clearly advised the defendant, who agreed by executing it, that the only obligations on the part of the government were those set forth in writing in the plea agreement. There is no evidence to support the defendant's claim of a commitment by the United States, nor has the defendant made a threshold showing that the government failed to honor any promises in the plea agreement. Thus, it would appear that this Court does not have jurisdiction to consider the defendant's claim, made some 14 years following his conviction. *United States v. Morales*, No. 06-16694 (11th Cir., August 20, 2007 (unpublished)(available on Westlaw at 2007 WL 2363816). *See also, United States v. Forney*, 9 F.3d 1492, 1500-02, n.2 (11th Cir. 1998).

Where a constitutionally impermissible motive such as race or religion is asserted as a basis for the failure of the government to seek a reduction, the Court may have jurisdiction. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). A judicial review of a decision by the government not to seek reduction may be appropriate where there is made a substantial showing that the prosecution acted with an impermissible motive. *Forney*, 9 F.3d at 1500. No such showing has been made by the defendant. Substantial assistance reduction was not sought by the government since the

defendant, claiming to render substantial assistance, in actuality continued to engage in unlawful activities. The Eleventh Circuit found such facts to constitute a proper reason for the government's election not to seek a reduction. *United States v. Capps*, 140 Fed.Appx. 911 (11th Cir. 2004).

Considering the government's claim that the defendant's Motion is untimely, it appears that such claim is valid. The assistance which the defendant claims to have rendered arose out of his purported efforts at the time of his sentencing in 1992, some fourteen years earlier. Rule 35(b)'s time requirements have been held to be jurisdictional. *United States v. Orozco,* 160 F.3d 1309, 1313, 1315-16 (11th Cir. 1998). Relief under rule 35 (b) should have been sought within one year of sentencing. Accordingly, the Court finds that it is without jurisdiction to consider the motion now before the Court.

Aside from the jurisdiction issue and considering the Motion on the merits, based upon a review of the record and consideration of the submissions of the parties, the Court finds that the defendant's Motion must be denied because the government made no commitment to seek a reduction of sentence or to consider any substantial assistance by the defendant. The Court further finds that the defendant, claiming that he provided substantial assistance, did not do so and used his efforts to gain an advantage for drug offenders regarding investigative techniques utilized by governmental agencies.

## **CONCLUSION AND RECOMMENDATION**

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Juan Carlos Fernandez's Motion to Compel Government

[DE 36] be DENIED. The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore.  See 28 U.S.C. §636 (1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

     RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 27th day of December, 2007.

                                                    BARRY L. GARBER
                                                    UNITED STATES MAGISTRATE JUDGE